# EXHIBIT 27

# Convertible Loan Agreement

by and between

**Municipal Employee's Retirement System of Michigan (MERS),**
1134 Municipal Way, Lansing, MI 48917, USA (the "**Lender**")

(**Investor** or **Lender**)

and

**Concord Blue Energy Inc.**
12424 Wilshire Blvd. Ste 660
Los Angeles, California 90025
Phone: 310 979 2900

(**Borrower**)

**Preamble**

A.  WHEREAS the Investor has provide a Convertible shareholder loan of USD 5,800,000.00 to Borrower, out of the USD 10,000,00.00 Board approved convertible debt facility, for the purpose of helping Borrower during its fundraising process with JP Morgan Alternative Credit Syndicate , its insurance package process with Munich Re Green Tech Solutions, the EU Innovation Grant process with EY and the capital raising process with various investment banks, partnering with strategics as Air Liquide et al and finalize its ESG certification process.

B.  WHEREAS the usage of the convertible shareholder loan on the Group holding company requires Full Board of Directors approval before being transferred to each Group subsidiary requiring the funds, for investments or to cover working capital needs.

C.  WHEREAS the next loan installment of USD 1,400,000.00 is expected to be drawn by mid-July 2023.

NOW, THEREFORE, the Investor and the Company enter into this Convertible shareholder loan agreement (the **Convertible Loan Agreement**):

### 1. Size of loan

The Lender hereby grants to Borrower a loan in the amount of USD 5,800,000.00 (Five Million Eight Hundred Thousand United States Dollars) as a debt to the Borrower and as a credit of the Lender (the "Convertible Loan").

### 2. Currency and interest

The Loan's currency is United States Dollars (USD) and shall bear interest at an annual rate of 9% for the first two calendar years after receiving the complete disbursement of the Convertible Loan by the Borrower. If Borrower has not re-paid the Convertible Loan, or if the Convertible Loan has not been converted into shares of the borrower, then after the second anniversary of the disbursement of the Convertible Loan, the interest rate will be set at USD Libor 12 months plus 400 basis points.

### 3. Use of proceeds

The Borrower shall apply the Loan amounts solely as directed by the Borrowers Board of Directors.

### 4. Disbursement of Loan

The Lender has disbursed the Convertible Loan amount to the Borrower's bank account:

Wells Fargo Bank, N.A. 420 Montgomery, San Francisco, CA 94104
Acct Name: Concord Blue Energy, Inc
Wells Fargo Account Number: 4634177240
SWIFT: WFBIUS6S,

during two separate installments—one in October 2022 for USD 1,000,000.00 and the other in February 2023 for USD 4,800,000.00.

### 5. Duration and conversion

The term of the Convertible Loan shall commence upon the receipt of the Convertible Loan amount by Borrower.

The Lender shall have the right to convert the full amount of the Convertible Loan and accrued interest into shares of equity of the Borrower: (i) at any time in which a third party has agreed to subscribe shares of capital stock of the Borrower, or (ii) if at any time Lender demands payment of the Convertible Loan plus accrued interests and Borrower fails to make such payment on the date re- quested by Lender.

The value of each share to be subscribed by Lender in the case of (i) above, shall be at a 25% discount over the valuation agreed to with any new investor subscribing equity in the Borrower, or in the case of a conversion under (ii) above, the 25% discount will be applied over the last valuation determined by the Borrower and/or its shareholders prior to the notice by Lender exercising its right to convert.

**6. Repayment**

The Convertible Loan and all interests accrued shall be due and payable by Borrower on the earlier of: (i) at any time after the second anniversary of the disbursement of the Convertible Loan, at the request by Lender on the 10th business day after receipt by Borrower of Lender's notice demanding payment; or,(ii) at any time prior to such date automatically and without requiring further notice from Investor, in case of a bankruptcy filing for Concord Blue Energy or any subsidiary whether such filing is made by Borrower, its shareholders or third party.

**7. Security**

The obligations of Borrower under this Convertible Loan Agreement shall be secured by (i) a security interest over the Single Engineering, Manufacturing & Operating License Agreement as outlined in the AGREEMENT AND OMNIBUS AMENDMENT dated as of March 8, 2016, to be granted and perfected on or before the date of borrowing, or (ii) to the extent possible under applicable law, an assignment of the Single Engineering, Manufacturing & Operating License Agreement in favor of MERS or a vehicle designated by VerdantF, in the name of MERS, for such purpose.

## 8. Miscellaneous

### 8.1. Nature of Parties' Rights and Obligations

Except as specifically provided otherwise in this Agreement, the rights and obligations of the Parties hereunder shall be several (and not joint).

### 8.2. Taxes, Costs and Expenses

#### 8.2.1. Taxes

Any and all taxes and other public charges imposed on one of the Parties in connection with this Agreement and the transactions contemplated hereby are to be borne by the Party on which such tax or public charge is imposed.

#### 8.2.2. Costs and Expenses

Each Party shall bear the costs and expenses (including advisor fees) arising out of or incurred in connection with this Agreement and all transactions contemplated hereby.

### 8.3. Successors and Assigns

This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective permitted successors and assigns.

### 8.4. Entire Agreement

This Agreement, including any other documents referred to herein, constitutes the entire agreement and understanding among the Parties with respect to the subject matter hereof, and shall supersede all prior oral and written agreements or understandings of the Parties relating hereto.

### 8.5. Amendments

This Agreement (including any amendment of this Section 8.5) may only be amended by all Parties in writing.

### 8.6. Assignment

Borrower shall not be entitled to assign or transfer this Agreement or any of the rights or obligations hereunder to any third party without the prior written consent from the Lender.

### 8.7. Severability

If any part or provision of this Agreement shall be held to be invalid or unenforceable, the other provisions of this Agreement shall nonetheless remain valid. In this case, the invalid or unenforceable provision shall be replaced (by court order, as the case may be) by a substitute provision that best reflects the intentions of the Parties without being unenforceable, and each Party shall execute all agreements and documents required in this connection. The same shall apply in case of any gap in this Agreement.

## 9. Governing Law and Jurisdiction

### 9.1. Governing Law –

This Agreement shall in all respects be governed by, and construed in accordance with, the substantive laws of the state of California, United States, to the exclusion of conflict of law principles.

### 9.2. Jurisdiction

Any dispute arising out of or in connection with this Agreement shall exclusively be referred to the courts competent for the state of California, United States.

(THE NEXT PAGE IS THE SIGNATURE PAGE)

**Verdantf on behalf of Mers of Michigan**

Place, date                     By: *(signature)*        By: *(signature)*
Zurich, 28.06.23                Berry Polmann            Gaia Arnaboldi

**Concord Blue Energy Inc.**

Place, date                     By: *(signature)*
Dusseldorf, 28.06.23            C. Thannhaeuser