# EXHIBIT 28

**CONCORD BLUE PATENT SHAREHOLDER RESOLUTION via circular procedure**

| Table of Contents | Pages |
|---|---|
| I) Resolution of the Shareholders' Meeting | 02 - 03 |
| II) Annex 1: Declaration of Consent | 04 – 04 |
| III) Annex 2: Amended Articles of Association | 05 - 08 |

**Resolution of the Shareholders' Meeting of Concord Blue Patent GmbH**

**Dated:** 25.01.2025

**Subject:** Approval and Amendment of the Articles of Association, Repeal of the Rules of Procedure Dated December 22, 2017 via circular procedure.

**Resolution by Written Consent:**

Pursuant to § 48 para. 2 GmbH and in accordance with the provisions of the Articles of Association of Concord Blue Patent GmbH, the resolution of the Shareholders' Meeting is passed by written consent (Umlaufverfahren).

**Proposal:**

1) Amend and restate the Articles of Association to the Amended Articles of Association as seen in Annex 2.
2) Repeal Rules of Procedure Dated December 22, 2017

**Declarations of Consent of the Shareholders and Voting Results:**

The following Shareholders have declared their consent to the above-mentioned proposal in writing:

| Shareholder | Vote (Yes/No/Abstain) | Percentage of Share Capital Represented | Date of Consent |
|---|---|---|---|
| CT Power GmbH | Yes | 65% | 25.01.25 |
| R.K. Unternehmensberatungs-GmbH | Yes | 2.5% | 25.01.25 |
| Municipal Employees Retirement Systems of Michigan | Yes/No/Abstain | 25% | |
| CB Patent Investments LLC | Yes | 7.5% | 25.01.25 |
| **Total:** | | **100%** | |

The written declarations of consent are attached to this resolution as *Annex 1*.

**Determination of the Resolution Result:**

Based on the declarations of consent received, the resolution was passed as follows:

- **Votes in favor:** 75% of Yes votes representing 75% of percentages of "Yes" votes of the share capital
- **Votes against:** 0% of No votes representing 0% of percentages of "No" votes of the share capital
- **Abstentions:** 25% of Abstain votes representing 25% of percentages of "Abstain" votes of the share capital

Therefore, the resolution was passed by a majority of 75% % of the votes cast.

**Dusseldorf, 25.01.2025**

**C. Thannhaeuser**

_____

**Signature of the Managing Director**

**Annexes:**

- Annex 1: Written Declarations of Consent of the Shareholders (consent form & signatures)
- Annex 2: Articles of Association

**Annex 1          Declaration of Consent**

Written Declaration of Consent of the Resolution of the Shareholders' Meeting of Concord Blue Patent GmbH Dated: 25.01.2025 via circular procedure.

**CT Power GmbH**

_____

C. Thannhaeuser
Date: 25.01.2025

**R.K. Unternehmensberatungs-GmbH**

_____

Katrin Klages
Date: 25.01.2025

**CB Patent Investments LLC**

_____

Berry Polmann
Date: 25.01.2025

**Municipal Employees Retirement Systems of Michigan**

_____

**Annex 2**
**AMENDED ARTICLES OF ASSOCIATION CONCORD BLUE PATENT GmbH**

**§1 Name and Seat**

The name of the company is: Concord Blue Patent GmbH.
The company's registered seat is in Düsseldorf with company registration number: HRB 68793

**§2 Object of the Company**

(1) The object of the company is the holding, acquisition, administration and marketing of patents and other intellectual property rights or licenses to such rights and the execution of all transactions directly or indirectly related to this purpose.

(2) The company may engage in any business activities which it considers necessary or useful to foster the object of the company. The company may establish branch offices and may subscribe to shares or other participation rights in similar companies.

**§3 Financial Year**

The company's financial year shall be the calendar year.

**§4 Registered Share Capital and Deposits**

The registered share capital of the company amounts to EUR 25.000,00 (twenty-five-thousand).
The registered share capital of the company is divided into 25.000 common shares, each with a nominal value of EUR 1.00, with the following consecutive numbers: 1 through 25.000 (collectively the "Common Shares").

**§5 Management and Representation**

The company has one or more managers. If a managing director is appointed, this represents the company alone. If several managing directors are appointed, the company will be represented by two managing directors or one managing director jointly with an authorized representative. The shareholders' meeting has the right to grant one or several managing directors the authority to represent the company individually.

Each director may be given the power, by a resolution of the shareholders' meeting, to represent the company unrestrictedly in legal transactions with himself or as a representative of a third party.

The company's business activities are managed by the managing directors in accordance with the applicable provisions under statutory law, these articles of association, as well as shareholders' resolutions. The shareholders' meeting may issue binding instructions to the managing directors in relation to specific circumstances by way of resolution. The managing

directors are obliged to comply with the instructions issued by the shareholders' meeting and may not take such actions or measures that, pursuant to the resolution, are subject to an approval requirement, unless the approval by the relevant body (shareholders' meeting) has been granted.

**5.1     Appointment and Removal:** The Managing Director(s) shall be appointed and removed by a resolution of the Shareholders' Meeting passed with a simple majority of 50.1% of the votes cast.

**§6 Disposal of Shares, Assets, IP and Patents**

Any assignment, transfer and encumbrance (e. g., a lien) regarding the shares with the following consecutive numbers 1–25000 and any other disposal or sale of these shares requires no consent of the shareholders. This shall also apply to any kind of disposal of these shares, including trusteeships, the granting of sub-participations, and contributions.

The sale, transfer or assignment of assets, patents, licenses and IP owned by Concord Blue Patent, requires 75% consent of the shareholders.

**§7 Shareholders' Resolutions**

7.1     The shareholders' meeting is the company's primary body. It is responsible for any matters in connection with the company which are not explicitly assigned to another body either by applicable statutory law, these articles of association, rules of procedure or a shareholders' resolution.

The Shareholders' Meeting decides on fundamental matters not assigned by law, the Articles of Association, or these governance provisions to other corporate bodies. Such matters include approval of annual financial statements, appointment or removal of Managing Directors and Supervisory Board members, capital measures, and amendments to the Articles of Association.

**Majorities for Resolutions:**
- Unless mandatory law dictates otherwise, resolutions of the Shareholders' Meeting require at least a two-thirds (2/3) majority of the votes cast.
- Amendments to the Articles of Association and measures under §§ 53 et seq. GmbH also follow the two-thirds majority requirement, unless a higher threshold is mandated by law. Shareholder resolutions can be voted and agreed upon via circular procedure via email, fax, video conference, in person or by telephone as long as 75% of shareholders sign a declaration of consent as proof of the resolution.

7.2     The shareholders' meeting decides by way of shareholders' resolution. Shareholders' meetings shall be held if required by applicable statutory law or if required in the interest of the company.

7.3 The shareholders' meetings shall be convened by the managing director (whereas each managing director is authorized to convene a shareholders' meeting alone) by means of telephone, in person, mail, facsimile or e-mail sent to all shareholders at least 24 hrs prior to

the time of the shareholders' meeting. The agenda of the shareholders' meeting must be announced at least 24 hrs before the shareholders' meeting by letter, fax, telephone, video-call e-mail or in person unless by circular procedure.

7.4 The shareholders' meeting shall have a quorum, if it is duly convened and 75 % of the registered share capital is present or duly represented. If the latter is not the case, a second shareholders' meeting shall be convened with the same notice period and the same agenda. This second shareholders' meeting shall have a quorum irrespective of the percentage of the registered share capital that is present or duly represented if this legal consequence has been indicated in the second invitation.

7.5 Shareholders' meetings may be held by telephone (in particular by way of a telephone and/or video conference call) if 75% shareholders can participate in such a shareholders' meeting, follow any statements made by any other shareholder and comment on the subject matters of the shareholders' resolution.

7.6 Unless a specific form is required by applicable statutory law, the shareholders may also pass resolutions outside shareholders' meetings (e. g., by way of voting in writing by letter, facsimile or e-mail, orally or by tele- phone, and also by a combination of any of the foregoing), (i) pursuant to the requirements set forth in Sec. 48(2) German Limited Liability Companies Act (Gesetz betreffend die Gesellschaften mit beschränkter Haftung) or (ii) if 75% shareholders participate in the resolution (in person or through a duly authorized representative).

7.7 Unless a specific form is required by applicable statutory law, the shareholders may pass resolutions outside shareholders' meetings by voting in writing (by circular procedure, by letter, facsimile or e-mail and electronically) if shareholders holding shares in the company equal to at least 75 % of the company's registered share capital agree to passing a resolution by voting in writing. The request to pass a shareholders' resolution by voting in writing may be made by each managing director or majority shareholder. It shall indicate that the requirements of such voting procedure pursuant to this Sec.7.7 have been met. Shareholders' resolutions by voting in writing pursuant to this Sec. 7.7 shall be passed with the majority required under these articles of association for the relevant resolution, provided that for the purposes of this Sec. 7.7 the requisite majority shall be calculated as the majority of all votes (not only the votes cast). In the event that a shareholder refrains from voting on the pro- posed resolution within one (1) week as of the receipt of the request to vote, such omission shall be qualified as an abstention from voting.

7.8 Shareholders' resolutions which do not require notarization must be recorded in writing (for evidence purposes only and not as a validity requirement) and signed by one or more managing directors (with due representative power). The shareholders shall receive copies of such shareholders' resolutions by mail, facsimile or e-mail.

7.9 Each shareholder may be represented in a shareholders' meeting by a managing director, a co-shareholder or a person bound by a professional duty of confidentiality, in all cases if duly authorized by the shareholder. Any authorization must be in text form within the meaning of Sec. 126b German Civil Code (Bürgerliches Gesetzbuch).

7.10 Shareholders' resolutions may only be challenged before a court within one (1) month following the receipt of a copy of the relevant shareholders' resolution or the recording of the relevant shareholders' resolution pursuant to Sec. 7.8.

**7.11 Minority Protection and Transparency:**

- Two or more minority shareholders who, in aggregate, hold at least 15% of the share capital may request extraordinary Shareholders' Meetings and propose agenda items. This ensures that substantial minority interests can be collectively represented.
- Statutory inspection and information rights remain in effect, allowing shareholders to seek legal remedies if these rights are not respected

### § 8 Compliance with Insolvency and Corporate Law

The Managing Director(s) shall remain fully responsible for complying with all statutory duties under German law, including the obligation to file for insolvency without undue delay pursuant to § 15a of the German Insolvency Code (InsO), ensuring that compliance with legal obligations takes precedence over any internal disputes among the Shareholders.

### § 9 Severability and Replacement

If any provision of this Agreement is held to be invalid or unenforceable, the remaining provisions shall remain in full force and effect. The Shareholders shall promptly negotiate in good faith to replace the invalid or unenforceable provision with a valid and enforceable provision that achieves the same or substantially similar economic and legal effect as the original provision. The adoption of such replacement provision shall require a resolution passed with a two-thirds (2/3) majority of the votes cast in the Shareholders' Meeting.

### § 10 Entire Agreement; Replacement of Rules of Procedure

This Agreement constitutes the entire agreement between the Shareholders with respect to the subject matter hereof and supersedes all prior or contemporaneous agreements, understandings, and communications, whether written or oral. This Agreement expressly replaces the Rules of Procedure for the Management of Concord Blue Patent GmbH dated December 22, 2017.

### § 11 Other Provisions

Incidentally, the legal provisions apply to the company. Any notices of the company shall be exclusively published in the German Federal Registry.

25.01.2025

**Director**

_____
C. Thannhaeuser