UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MUNICIPAL EMPLOYEES' RETIREMENT SYSTEM OF MICHIGAN,<br>Plaintiff,<br><br>-v-<br><br>VERDANTF AG, *et al.*,<br>Defendants. | No. 1:25-cv-1167<br><br>Honorable Paul L. Maloney |

**ORDER DENYING APPEAL**

The Magistrate Judge ordered portions of the record be restricted from public access and permitted public access to redacted versions of those records. Plaintiff Michigan Employees' Retirement System of Michigan (MERS) appealed that decision. ECF No. 24. The court finds that Defendants provided a sufficient justification to restrict access to the documents. The court further finds that Plaintiff has not established a sufficient basis to overturn the Magistrate Judge's order.

A.

Rule 72(a) allows a party to object to a ruling by a magistrate judge by filing objections in the district court where the case is assigned. Fed. R. Civ. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Under this standard, factual findings are reviewed under the clearly erroneous standard and matters of law are reviewed de novo. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019).

Federal courts have recognized the "long-established legal tradition [of] the presumptive right of the public to inspect and copy judicial documents and files." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* at 476. In limited circumstances, courts may limit public access to some court records when the content implicates things like the privacy interests of third parties, trade secrets, and national security. *Brown & Williamson Tobacco v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983). The court does not read *Brown* and similar holdings as setting forth an exhaustive list. The Supreme Court noted that courts have denied access to court files that "might have become vehicles for improper purposes" and also noted that courts have restricted access to court files that includes "business information that might harm a litigant's competitive standing." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978).

To overcome the presumption of openness, the party seeking to limit access to court records must show (1) a compelling interest in sealing the records, (2) that the interest in sealing outweighs the public's interest in accessing the records, and (3) that the request is narrowly tailored. *Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). The moving party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305-06 (6th Cir. 2016).

B.

Plaintiff alleges Defendants mismanaged funds. In the initial complaint, Plaintiff identified a non-party company in which Defendants invested. The exhibits included

information about that company, including the names of its executives, and its address and contact information. Two days after Plaintiff filed the complaint, Defendants filed an emergency motion to seal the complaint and some of the exhibits along with a proposed redacted complaint. ECF No. 6. Defendants also filed a motion to seal a declaration that provided support for the motion to seal the complaint. ECF No. 8. The Magistrate Judge ordered Clerk to restrict access to complaint and the identified exhibits. ECF No. 11. The Magistrate Judge stated that the two motions to seal, ECF Nos. 6 and 8, remained pending and permitted Defendants to file amended versions of their motions. *Id.* PageID.948. The Magistrate Judge then issued an order setting forth the requirements for sealing documents. ECF No. 12.

Defendants filed amended motions to seal. ECF Nos. 13 and 14. Defendants asked that the complaint and certain exhibits remain under seal and filed proposed redacted versions of those documents which would be available to the public. Defendants explained the scope of the information in the complaint to be withheld from the public: (1) the name, direct identifying references, and unique identifying information of a non-party business and its related entities, and (2) the names of non-party individuals (corporate executives). Defendants identified the exhibits that contained the same or similar information that could be used to identify the non-party business and its related entities. Defendants also identified one exhibit that included information concerning confidential negotiations, proprietary technology, and internal market data. Defendants justified the redactions to avoid harm to the non-party. Defendants brief included a chart that, document by document, generically

identified the information to be shielded from the public (e.g., "company name" and "name of non-party corporate executives").

Defendants identified a specific financial injury that would result if the name of the non-party company became part of the public record. Defendants submitted an affidavit from the Chief Executive Officer (CEO) of the non-party company identified in complaint. ECF No. 14-1. The CEO explained that the company is finalizing a contract which required two years of due diligence. *Id.* PageID.1771. If the company became tied to allegations of fraud, like the ones in the complaint, the contract would be in jeopardy. *Id.* The CEO further states the public goodwill and investor confidence are critical in the particular market in which the company operates. *Id.*

The Magistrate Judge granted Defendants' motions. ECF No. 19. The Magistrate Judge found that Defendants established the need to redact specific information about a non-party and that the request was narrowly tailored to accomplish the need.

C.

Plaintiff has not established that the Magistrate Judge's order was clearly erroneous or contrary to law. Defendants put evidence in the record of a specific financial harm that the non-party would suffer if that identifying information were made part of the public record—the loss of a particular contract that has been at least two years in the making. In the court's view, that specific economic injury to a non-party is sufficiently severe to establish a compelling interest that outweighs the public's general interest accessing court records. The public continues to have access to information about the underlying dispute—the allegations about Defendants' alleged improprieties. The Magistrate Judge approved a narrowly tailored

remedy. The Magistrate Judge allowed the redaction of specific, limited information—the information that would allow the identification of the non-party company. Defendants request included a document-by-document review. And the proposed redactions identified Defendants' concerns on a line-by-line basis.

Plaintiff's reply brief does not alter the court's decision. Plaintiff point to an FOIA action filed in the state court by Defendants against Plaintiff. In their FOIA request, Defendants sought records concerning Verdentf's investment advisory and management relationship with MERS. Included in the requests for documents, Defendants asked for records concerning MERS's valuation of investments in nine specific companies. The exhibit in that lawsuit in no way publicly discloses the name of the non-party company specifically identified in the complaint.

Accordingly, the court **DENIES** Plaintiff's appeal. ECF No. 24. **IT IS SO ORDERED.**

Date: August 14, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge